UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80025-CR-MARRA/McCABE

UNITED STATES OF AMERICA

v.

AMEER OMAR SHIHADEH,
    a/k/a "ameershihadeh,"
YOSDY NAYARI SANDOVAL,
    a/k/a "basurita911,"
    a/k/a "Yos Jaen,"
NOAH LEVY RICE,
    a/k/a "nlrice,"
    and
JOSHUA JEREMIAH OROZCO-MORA,

        Defendants.
                                                 /

## UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY

      The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for appropriate protections against the dissemination of information that will be disclosed as part of the discovery process in this matter. This sensitive information includes numerous, unredacted controlled buys of controlled substances involving several undercover officers in this case. The government seeks protections that will not unduly impede the defendants' ability to prepare for their defense, but simply will protect against the improper dissemination or use of the unredacted videos involving undercover officers.   The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

In an attempt to protect this information, the government requested and defense counsel for defendants agreed that the following restrictions be placed on the information:

1. The defendants shall possess the unredacted videos identified by the government only in the presence of defendants' counsel or an employee of defense counsel, and only as necessary for counsel to prepare the case; and

2. Third parties contracted by the United States or defense counsel to provide expert analysis or testimony, and their employees or associates, may possess and inspect the discovery, but only as necessary to perform their duties or responsibilities in this matter.

The United States respectfully submits that the proposed Protective Order, attached hereto, is reasonable and properly balances the defendants' ability to prepare for their defense with the need to protect against the improper dissemination or use of sensitive information. Therefore, the United States is requesting that the Court enter the attached Protective Order.

## **ANALYSIS AND MEMORANDUM OF LAW**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure permits a court to enter a protective order that governs the manner in which discovery is disclosed. *See* Fed. R. Crim. P. 16(d)(1). A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). The government does not seek to delay, deny, or restrict the disclosure of information that Rule 16 or the Standing Discovery Order requires. The government's discovery is readily available for the defendants' full inspection. Rather, the government seeks only to facilitate the defendants' receipt of a full copy of the discovery, while protecting against the improper disclosure or use of any undercover officer's identification. The proposed Protective Order, attached hereto, would enable the defendants to prepare their defense while protecting the undercover officers.

It is appropriate for any protective order to strictly require that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action").

The undersigned has consulted with counsel for the defendants regarding their position on this motion. Counsel for the defendants do not object to the government's request that the defendants only be allowed to possess the covered materials in the presence of the defendants' counsel or an employee of defense counsel, and only as necessary for counsel to prepare the case.

**WHEREFORE**, the United States of America respectfully moves this Court to issue the proposed Protective Order.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:    /s/ *Shannon O'Shea Darsch*
    SHANNON O'SHEA DARSCH
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No.: 68566
    500 South Australian Avenue, Suite 400
    West Palm Beach, Florida 33401
    Tel: (561) 209-1027
    Shannon.Darsch@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.